## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Vernon Scott,         ) | |
|         ) | Criminal No. 2:12-0881-MBS |
|       Movant,       ) | |
|         ) | **OPINION AND ORDER** |
|      vs.         ) | |
|         ) | |
| United States of America,     ) | |
|         ) | |
|       Respondent.     ) | |
| _____ ) | |

Movant Robert Vernon Scott is an inmate in custody of the Bureau of Prisons. He seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On November 13, 2012, a federal grand jury returned a one-count Indictment charging Movant with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). On July 18, 2013, Movant proffered a plea agreement in which he pleaded guilty to the count as indicted. *See* ECF Nos. 42, 44.

The United States Probation Office ("USPO") prepared a presentence investigation report ("PSR"), which reflects that Movant's criminal history amounted to a subtotal score of 15 points, to which 2 points were added because he committed the underlying offense while under a criminal justice sentence for burglary, *see* USSG § 4A1.1(d), for a total criminal history score of 17. His criminal history category was VI. The PSR designated Movant an Armed Career Criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and USSG § 4B1.4, on account of at least three prior convictions for a violent felony or serious drug offense, which were committed on different occasions. The PSR identified those prior convictions as follows: three armed robbery offenses committed in February of 1988 in

Charleston County, for which he received three 20-year sentences to run concurrently; and distribution of cocaine base in January 2001 in Charleston County, for which he received a 5-year sentence. The PSR calculated Movant's base offense level as 26, pursuant to USSG § 2K2.1(a)(1)(B). Due to Movant's Armed Career Criminal status, his offense level was increased to 33 pursuant to USSG § 4B1.4. The PSR also credited Movant with an adjustment for acceptance of responsibility, which reduced Movant's adjusted offense level by three levels to a total offense level of 30. Movant's Guidelines range was 168 to 210 months of imprisonment, but the penalty associated with the count of conviction carried a 15-year (180-month) statutory mandatory minimum sentence. Accordingly, his Guidelines range adjusted to 180 to 210 months. Through his attorney, Movant objected to the Armed Career Criminal designation on the basis that the armed robberies committed in 1988 did not qualify as predicate offenses.

At the sentencing held March 28, 2017, the court adopted the PSR without change, designated Movant an Armed Career Criminal, and sentenced him to custody of the Bureau of Prisons ("BOP") for a term of incarceration of 180 months, to be followed by a term of supervised release of 3 years. The court entered judgment on March 30, 2017, ECF No. 67, and Movant filed his appeal on April 4, 2017, ECF No. 70. Movant contended on appeal that his prior convictions for armed robbery did not satisfy the ACCA's enumerated offenses clause or force clause and that, following *Johnson v. United States*, 576 U.S. 591 (2015), the convictions no longer qualify under the statute's residual clause. The Fourth Circuit appointed Movant's sentencing attorney to represent him during the appeal. On October 12, 2017, the Fourth Circuit issued an unpublished per curiam opinion affirming the judgment. ECF No. 78. The Fourth Circuit concluded that Movant's arguments were foreclosed by the Circuit's decision in *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016), which held that a South Carolina conviction for

2

strong arm robbery qualifies as a predicate violent felony under the force clause of the ACCA.

Movant thereafter filed a petition for writ of certiorari, which was denied on or about June 26,

2018. *See* ECF Nos. 81; 82 at 12.

On December 18, 2018, Movant proceeding pro se filed the pending § 2255 motion. ECF

No. 82. In response, on February 11, 2019, the government filed a motion to dismiss or, in the

alternative, motion for summary judgment. ECF No. 88. Movant then filed a motion to amend

his § 2255 motion, ECF No. 91, and a response to the government's motion, ECF No. 98.

## DISCUSSION

### A.    Legal Standard

A federal prisoner in custody may challenge the fact or length of his detention by filing a

motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to

prove by a preponderance of the evidence that his sentence was imposed in violation of the

Constitution or laws of the United States; or that the court was without jurisdiction to impose

such sentence; or that the sentence was in excess of the maximum authorized by law; or is

otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court

must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant

a new trial to correct the sentence as may appear appropriate." *Id.* at § 2255(b). If, on the other

hand, "the motion and the files and records of the case conclusively show that the prisoner is

entitled to no relief," the court may summarily deny the petition without holding a hearing. 28

U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the

case conclusively shows that petitioner is entitled to no relief); *see* Rule 4(b), Rules Governing

Section 2255 Proceedings.[1]  Movant is proceeding pro se and is thus entitled to a liberal

construction of his filings.  *Haines v. Kerner*, 404 U.S. 519 (1972).

**B.     Analysis**

Movant seeks a correction of his sentence on the grounds that his prior convictions for

armed robbery do not qualify as ACCA predicates and counsel provided ineffective assistance

for failing to raise these arguments at sentencing or on appeal.  ECF Nos. 82; 82-2.

1.   Claims regarding ACCA Predicates

Movant asserts that the court is required to apply the categorical approach to determine

whether his prior armed robbery convictions qualify as crimes of violence under the ACCA and

contends they do not because the South Carolina statute for armed robbery "is broader than the

generic term of federal robbery."  ECF No. 91 at 3; ECF No. 82-2 at 1.  He also asserts that the

state of South Carolina combined the three armed robbery offenses for the purpose of

prosecution and sentencing and he received three concurrent sentences as a result of those

convictions and thus the court erred in treating each conviction as a separate offense for the

purpose of identifying qualifying ACCA predicates.  ECF No. 82-2 at 2.

The government responds first that the Fourth Circuit addressed on appeal the very

argument Movant advances here, and rejected it.  With respect to the second contention, the

government asserts that the ACCA requires only that three predicate offenses be committed on

occasions different from one another and that the Fourth Circuit has upheld ACCA sentences

based on offenses committed during a single date.  ECF No. 88-1 at 2-3.

---

[1] Additionally, a movant must file a § 2255 motion within a specific period of time.  No one
contests the timeliness of Movant's motion.

Relevant here, the ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year," that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i). This subsection is known as the ACCA's force clause.  As the Fourth Circuit explained in its decision on Movant's appeal, it has held that a South Carolina conviction for strong arm robbery qualifies as a violent felony as defined in the ACCA.  *United States v. Scott*, 698 Fed. Appx. 160, 161 (4th Cir. 2017) (examining *Doctor*, 842 F.3d at 312).  In *Doctor*, the Fourth Circuit applied the "categorical approach" to determine that South Carolina strong arm robbery matches the definition of violent felony as set forth in the force clause.  *Doctor*, 842 F.3d at 309.  During consideration of Movant's appeal, the Fourth Circuit made clear that "South Carolina armed robbery includes all the elements of strong arm robbery."  *Scott*, 698 Fed. Appx. at 161 (quoting *State v. Muldrow*, 559 S.E.2d 847, 850 (S.C. 2002) (internal alterations omitted) (citation omitted).  Accordingly, as the Fourth Circuit explained in 2017, *Doctor* forecloses the argument that Movant's "prior armed robbery convictions are not violent felonies under the ACCA's force clause."  *Scott*, 698 Fed. Appx. at 161.

Movant asserts next that the court erred in allowing the three prior convictions to serve as three ACCA predicates as opposed to a single predicate.   The ACCA provides as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1) (emphasis added).  The government bears the burden of proving by a preponderance of the evidence that the offenses occurred on different occasions. *United States v.*

*Span,* 789 F.3d 320, 324 (4th Cir. 2015) (citing *United States v. Archie,* 771 F.3d 217, 223 (4th Cir.2014), *cert. denied*, 575 U.S. 925 (2015)).

The statutory text does not allow for any exception to counting qualifying offenses as predicates, including the exception that Movant advances: offenses charged in a single document and subject to a single prosecution and sentence. Rather, the question pertinent to determining whether multiple offenses qualify as multiple ACCA predicates is whether the crimes arose out of "separate and distinct criminal episodes." *United States v. Carr*, 592 U.S. 636 (4th Cir. 2010) (affirming ACCA sentence for defendant who committed a series of storage unit break-ins on the same day) (citation omitted). *Accord United States v. Linney*, 819 F.3d 747 (4th Cir. 2016) (affirming ACCA sentence for defendant who had prior convictions for burglaries that occurred on the same night and who was sentenced to those burglaries in a consolidated judgment). The Fourth Circuit has adopted a five-factor inquiry to aid in the determination of whether an offense is committed on a different occasion: (1) whether the offenses "arose in different geographic locations"; (2) whether "the nature of each offense was substantively different"; (3) whether each offense "involved different victims"; (4) whether each offense "involved different criminal objectives"; and (5) whether "the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense." *Linney*, 819 F.3d at 751. Notably, none of the factors consider whether the offenses in question are charged or prosecuted separately. Movant's prior armed robbery convictions occurred on different dates at different locations and involved different victims and therefore clearly qualify as separate and distinct crimes.

For these reasons, the court finds Movant is not entitled to relief on his claims regarding the use of his prior convictions as ACCA predicates.

2.  <u>Claim for Ineffective Assistance of Counsel</u>

Criminal defendants are entitled to effective assistance of counsel.  U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 685 (1984).  A lawyer "is constitutionally ineffective where her representation falls below objective standards of reasonableness and results in prejudice, meaning there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *United States v. Freeman*, --- F.3d ----, 2021 WL 1180711, at *4 (4th Cir. Mar. 30, 2021) (quoting *Strickland*, 466 U.S. at 687-88, 694); *Hinton v. Alabama*, 571 U.S. 263, 275 (2014).   "A finding of ineffective assistance ultimately will result when counsel's conduct 'so undermined the proper functioning of the adversarial process' that the proceedings below 'cannot be relied on as having produced a just result.'"  *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017) (quoting *Strickland*, 466 U.S. at 686).  However, "judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

Movant contends that counsel performed deficiently by failing to successfully challenge his Armed Career Criminal designation, ECF No. 82 at 7; specifically, that counsel "failed to investigate whether Scott's prior conviction(s) were, in fact, predicates that satisfy the [ACCA] sentence that was imposed," ECF No. 82-2 at 6.  With respect to Movant's first contention regarding the predicates, the record reflects that counsel lodged objections to the PSR and tailored the appeal of Movant's sentence to raise the same argument Movant advances here concerning the force clause.  Accordingly, there is no question of deficient performance with respect to that contention.

With respect to the second contention regarding Movant's prior convictions serving as stand alone predicates, the court finds no deficient performance.  The Fourth Circuit has advised

that "[t]he performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues." *Carthorne*, 878 F.3d at 465 (citations omitted). "[C]ounsel must raise a material objection or argument if 'there is relevant authority strongly suggesting' that it is warranted." *United States v. Morris*, 917 F.3d 818, 824 (4th Cir. 2019) (quoting *Carthorne*, 878 F.3d at 466, 469). The Fourth Circuit evaluates claims of ineffective assistance "against the strength of case law as it existed at the time of the allegedly deficient representation," but does so according to a review that is "highly deferential." *United States v. Palacios*, 982 F.3d 920, 925 (4th Cir. 2020) (quoting *Carthorne*, 878 F.3d at 465). As early as 1995, the Fourth Circuit endorsed the five-factor test for determining whether more than one conviction constitutes a separate and distinct criminal episode. *See United States v. Letterlough*, 63 F.3d 332, 335-36 (4th Cir. 1995). Counsel cannot be held responsible for deficient performance for failing to raise an objection that runs counter to the established precedent controlling the issue.

For the reasons discussed herein, the court grants the government's motion, ECF No. 88, and denies without prejudice Movant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 82. Movant's motion to amend does not change the analysis set forth herein and therefore the motion is denied as moot, ECF No. 91.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the court is likewise debatable.

*See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina
April 16, 2021